IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KELLY A. WATSON,                       *

    Plaintiff,                     *

       v.                         *         CIVIL NO.: WDQ-07-920

MARGUERITE BRADLEY,                    *

    Defendant.                     *

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Kelly A. Watson sued Marguerite Bradley for committing certain torts.  Pending is the Government's Motion to Substitute and Dismiss.  For the following reasons, the Government's motion will be granted.

I.  Background

On March 6, 2007, Watson filed suit in the District Court of Maryland for Baltimore City against Bradley, an employee of the United States Postal Service.  Watson claims her truck was sold at a public auction because a postal carrier failed to timely deliver her mail.  Watson Compl.  On April 10, 2007, the suit was removed to the United States District Court for the District of Maryland.[1]  Paper No. 1.

---

[1] The Government removed the state court action because Watson seeks money damages based on allegedly tortious actions of a federal employee; thus, the Federal Torts Claim Act ("FTCA") applies.  Notice of Removal ¶¶ 3-4.

II.  Analysis

    A.  Motion to Substitute

An FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee "acting within the scope of [its] office or employment." *Jamison v. Wiley*, 14 F.3d 222, 227 (4th Cir. 1994); 28 U.S.C. § 2679(b)(1) (2006).  If the Attorney General certifies that the defendant was acting within the scope of her employment, the United States is substituted as the party defendant.  § 2679(d)(1).

On April 30, 2007, the United States Attorney for the District of Maryland certified that Bradley was acting within the scope of her employment during the alleged incident. Accordingly, the Government's motion to substitute will be granted.

    B.  Motion to Dismiss for Lack of Subject Matter
        Jurisdiction

    1.  Standard of Review

A motion to dismiss for lack of subject matter jurisdiction is decided under Federal Rule of Civil Procedure 12(b)(1).  "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294 (D. Md. 2005).  The court may consider evidence outside of the pleadings

2

to determine if it has jurisdiction over the case. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  The motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

A *pro se* plaintiff's pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Accordingly, *pro se* complaints are construed liberally, and meritorious claims should not be disposed of on "technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (*citing Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).  However, it is still the *pro se* litigant's responsibility to ensure that her claims are within the jurisdiction of the district court. *Brown v. Doran*, No. 1:02CV011019, 2003 WL 23168946, at *2 (M.D.N.C. Dec. 2, 2003).

2.   Discussion

The Government contends that Watson's suit must be dismissed for failure to exhaust her administrative remedies under 28 U.S.C. § 2675.  Watson does not dispute that she failed to present an administrative claim.  Rather, Watson argues that there is sufficient evidence to support her tort claim against Bradley.

"The United States Government, as sovereign, is immune from suit unless it consents to be sued." *Gould v. U.S. Dep't of Health & Human Serv.*, 905 F.2d 738, 741 (4th Cir. 1990). However, Congress created a limited waiver of sovereign immunity under the FTCA. *Honda v. Clark*, 386 U.S. 484, 501 (1967). Since the FTCA constitutes a waiver of sovereign immunity, plaintiffs must file an FTCA action in strict compliance with its terms. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278-79 (4th Cir. 2000). To obtain federal jurisdiction, an FTCA plaintiff must have her claim denied by the appropriate federal agency.  28 U.S.C. § 2675(a); *Kielwein v. United States*, 540 F.2d 676, 679 (4th Cir. 1976). "The requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Watson may have a valid tort claim, however, she has failed to satisfy the filing requirements of § 2675(a). Dismissal is appropriate because Watson has presented no evidence that she has filed a claim with the appropriate federal agency. Accordingly, the Government's motion to dismiss will be granted.

III. Conclusion

For the above reasons, the Government's motion to substitute and dismiss will be granted.

_____9/27/07_____                    ___/s/_____
Date                                  William D. Quarles, Jr.
                                      United States District Judge

4